IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00614-BNB

MARQUIS SCOTT,

    Plaintiff,

v.

ANNUAL CREDIT REPORT SERVICE,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 1 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, Marquis Scott, is a prisoner in the custody of the Colorado Department of Corrections at the Trinidad Correctional Facility in Trinidad, Colorado. Mr. Scott initiated this action by filing *pro se* a Prisoner Complaint alleging that Defendant has engaged in deceptive trade practices in violation of Colorado state law by failing to provide him with a free annual credit report. On April 16, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Scott to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. Magistrate Judge Boland advised Mr. Scott that in order to show cause he must identify the statutory authority that allows him to raise his claim in this Court in this action. On May 6, 2010, apparently in response to Magistrate Judge Boland's show cause order, Mr. Scott filed a document titled "B. JURISDICTION," in which he asserts jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1330(a) and (b), and § 6-4-109(1) and (2), which the Court construes as a reference to § 6-4-109(1) and (2) of the Colorado Revised Statutes.

The Court must construe the complaint and Mr. Scott's response to Magistrate Judge Boland's show cause order liberally because Mr. Scott is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant like Mr. Scott. *See id.*

As noted above, Mr. Scott contends that Defendant has engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act by failing to provide him with a free annual credit report. He specifically asserts three claims for relief in which he alleges that he has submitted two requests for a free annual credit report and that Defendant has failed to provide a free annual credit report as promised. The relief Mr. Scott seeks includes a full credit report and, pursuant to Colo. Rev. Stat. § 6-1-112(1)(a), imposition of civil penalties of not more than two thousand dollars for each claim.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the

existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

Mr. Scott fails to demonstrate in his complaint that the Court has jurisdiction over the deceptive trade practices claims he is asserting against Defendant in this action. As Magistrate Judge Boland noted in his show cause order, the Colorado statutes cited by Mr. Scott in the complaint do not provide this Court with subject matter jurisdiction over his deceptive trade practices claims against Defendant. In fact, it is not even clear that Mr. Scott has standing to bring a claim in any court pursuant to the Colorado Consumer Protection Act because, as provided in one of the statutes Mr. Scott cites in the complaint, "[t]he attorney general and the district attorneys of the several judicial districts in this state are concurrently responsible for the enforcement of this article." Colo. Rev. Stat. § 6-1-103.

Mr. Scott also fails to demonstrate in his response to Magistrate Judge Boland's show cause order that the Court has subject matter jurisdiction over his claims in this action. As noted above, Mr. Scott apparently asserts jurisdiction in his response to Magistrate Judge Boland's show cause order pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1330(a) and (b), and Colo. Rev. Stat. § 6-4-109(1) and (2). However, even assuming there is diversity of citizenship between the parties pursuant to § 1332, Mr. Scott does not satisfy the amount in controversy requirement in § 1332(a) because

the only relief he seeks is a full credit report and civil penalties not to exceed two thousand dollars for each of his three claims. Mr. Scott also fails to allege sufficient facts to demonstrate that jurisdiction is appropriate pursuant to 28 U.S.C. § 1330(a) or (b), which apply to actions against foreign states. Finally, because the Court is a federal district court and not a state district court in the State of Colorado, the jurisdiction provision in § 6-4-109 also does not provide the Court with subject matter jurisdiction over Mr. Scott's claims in this action. Therefore, the Court finds that the action must be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). It is

FURTHER ORDERED that the pending motions filed by Plaintiff on May 19, 2010, are denied as moot.

DATED at Denver, Colorado, this __21st__ day of __May__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00614-BNB

Marquis Scott
Prisoner No. 104716
Trinidad Correctional Facility
PO Box 2000
Trinidad, CO 81082

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/21/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk